IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DOUGLAS MORAN, and YOLEISSY MANSFARROL

*individually and on behalf of themselves and others similarly situated*,

      *Plaintiffs*,

  v.

AGENT WALL SYSTEMS, INC., and B&A CONSTRUCTION SERVICES, INC.

      *Defendants*.

Civil Action No.: **3:20-cv-00823-HEH**

## COLLECTIVE AND CLASS ACTION COMPLAINT

1.    This is an action for unpaid wages, unpaid overtime, and misclassification under federal and Virginia law. Plaintiffs Douglas Moran and Yoleissy Mansfarrol (together, "Plaintiffs") by and through their undersigned counsel, bring this action on behalf of themselves and others similarly situated against Defendants Agent Wall Systems, Inc. ("Agent Wall Systems") and B&A Construction Services, Inc. ("B&A") for failing to pay their employees their legally mandated wages in violation of Section 16(b) of the Federal Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*; failing to pay their employees in accordance with Virginia Wage Payment Law, Virginia Code § 40.1-29; and misclassifying their employees as independent contractors in violation of Virginia Misclassification Law, Va. Code § 40.1-28.7:7.

## INTRODUCTION

2. Wage theft is rampant in the Commonwealth of Virginia, prompting the recent adoption of new Virginia state laws designed to compensate its victims and incentivize employers' compliance with the law. Worker misclassification is a form of wage theft and payroll abuse where workers that should be classified as employees are illegally classified as independent contractors. By misclassifying workers, employers deny employees their lawful wages and benefits while simultaneously underfunding social insurance programs like Social Security, Medicaid, unemployment insurance, and workers' compensation. One way in which misclassification and other forms of wage theft are perpetrated is through the use of subcontractors who fail to follow federal and state wage/hour and misclassification laws. Defendant and its subcontractors have engaged in such conduct, the effect of which is to deny employees on their construction sites their lawfully owed wages and benefits in violation of federal and Virginia wage and misclassification laws.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337(a) relating to "any civil action or proceeding arising under an Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." As discussed below, Plaintiff's state-law claims arise from a common set of operative facts—*i.e.,* their employment by Defendants as construction workers—

and are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and Local Civil Rule 3(C), as all Defendants are residents of Virginia and at least one Defendant resides in both this District and the Richmond Division.

## PARTIES

6.      Plaintiff Douglas Moran is a resident of Virginia and was employed by Defendants as a construction worker in Newport News, Virginia.

7.      Plaintiff Yoleissy Mansfarrol is a resident of Virginia and is employed by Defendants as a construction worker in Newport News, Virginia.

8.      Defendant Agent Wall Systems, Inc. ("Agent Wall Systems") is a Norfolk based company specializing in commercial construction, specializing in drywall hanging and finishing.

9.      B&A Construction Services, Inc. ("B&A") is a labor broker based in North Chesterfield, Virginia, who supplies construction workers to contractors.  B&A was formed on May 31, 2018.

10.     Defendants are enterprises whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

11.     Defendants are companies with employees involved in interstate commerce, including by regularly performing work on construction projects in Virginia and other states, by purchasing and using materials produced and transported in interstate commerce in construction projects, including projects in Virginia.

3

**FACTUAL ALLEGATIONS**

12.     Defendants are construction contractors at multiple construction projects around Virginia (the "Virginia Projects").  Upon information and belief, the construction projects on which Defendants work include but are not limited to:

   a. The Fine Arts Center of Christopher Newport University ("CNU"), located at 1 Avenue of the Arts, Newport News, Virginia;

   b. Lidl Grocery Store #1063, located at 4037 Portsmouth Boulevard Chesapeake, Virginia;

   c. Hampton Roads Academy, Lower School and Dining Facility, located at 739 Academy Lane, Newport News, VA;

   d. EVMS Education and Academic, located at 721 Fairfax Ave., Norfolk, Virginia;

   e. NSU Science Building, located at 2473 Corprew Ave., Norfolk, Virginia;

   f. Hyatt Hotel, located at 261 Independence Ave., Virginia Beach, Virginia;

   g. Residence Inn Virginia Beach Town Center, located at 221 Bendix Road, Virginia Beach, Virginia;

   h. Lidl Grocery Store #1050, located at 2000 W Mercury Boulevard Hampton, Virginia;

   i. Virginia Commonwealth University Residence Hall, located at 710 W Main Street, Richmond, Virginia.

   j. Muehlbauer America LP Expansion, located at 226 Picketts Lane, Newport News, Virginia;

   k. Housing Resource Center, located at 104 N Witchduck Road, Virginia Beach, Virginia

   l. CNU Library Expansion, located at 1 Avenue of the Arts Newport News, Virginia; and

   m. President's House ODU, located at 1455 West 49th Street, Norfolk, Virginia.

13. Plaintiffs work or worked for Defendants as construction workers at the Fine Arts Center of Christopher Newport University, located at 1 Avenue of the Arts, Newport News, Virginia (the "CNU Project"). Plaintiff Moran worked for Defendants at the CNU Project from approximately June 2020 to October 2020, and Plaintiff Mansfarroll has worked for Defendants at the CNU Project since August 2019.

14. Plaintiffs and other similarly situated individuals at the Virginia Projects were and are jointly employed to do this work by Defendants Agent and B&A.

15. B&A was and is a subcontractor to Defendant Agent. B&A was formed in 2018.

16. While employed by Defendants at the Virginia Projects, Defendants treated Plaintiffs and other similarly situated individuals as independent contractors, when in fact they were employees.

17. For example, when Defendants compensated Plaintiffs and other similarly situated individuals, the checks did not contain payroll deductions.

18. For example, Plaintiffs and other similarly situated individuals who performed work for Defendants at the Virginia Projects were not paid overtime premiums for hours worked over 40 in a week.

19. Although Plaintiffs and other similarly situated individuals frequently work more than forty hours per week, they are not paid at the time and a half overtime rate for such overtime work.

20. For example, Plaintiff Moran earned $19 per hour and often worked between 45 and 50 hours per week, but was never paid at the time and a half overtime rate for his hours over forty in any one workweek.

21. For example, Plaintiff Mansfarrol earns $16 per hour and often works in excess of 40 hours per week, but is never paid at the time and a half overtime rate for his hours over forty in any one workweek.

22. The services of Plaintiffs and other similarly situated individuals at the Virginia Projects were directed and controlled by Defendants. Plaintiffs were supervised by employees of both Agent Wall Systems and B&A.

23. Agent Wall Systems and B&A maintained a record of the hours worked by Plaintiffs and other similarly situated individuals at the Virginia Projects by recording their hours on Agent Wall Systems sign-in sheets.

24. Defendants give Plaintiffs and other similarly situated individuals at the Virginia Projects their daily work assignments and direct, supervise, and control Plaintiffs' day-to-day work.

25. The work Plaintiffs and other similarly situated individuals at the Virginia Projects perform is within the usual course of Agent Wall System's and B&A's business. Plaintiffs were not engaged in work that is customarily an independently established trade, and Plaintiffs were not exempt employees.

26. Defendant Agent Wall Systems was a joint employer of each Plaintiff. The employer-employee relationship existed for reasons that included the following: Agent Wall Systems directly supervised, directed, and controlled the work of each Plaintiff, had the power to fire Plaintiffs and others similarly situated, and maintained employment time records of Plaintiffs and others similarly situated.

27. Defendants were required by law to maintain accurate records of the wages of and hours worked at the Project for Defendant's benefit and such records, if maintained, will

document in detail the work by Plaintiffs and others similarly situated that was not compensated. Such records are in the exclusive control of Defendants.

28. Defendants were required by law to provide Plaintiffs and other similarly situated individuals at the Virginia Projects pay stubs detailing their hours worked and their pay rate, but failed to do so.

29. As the employers of Plaintiffs and other similarly situated individuals at the Virginia Projects, Defendants are liable for the unpaid wages of Plaintiffs and other similarly situated individuals at the Virginia Projects.

## COLLECTIVE ACTION ALLEGATIONS

30. This action is maintainable as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and Va. Code § 40.1-29(J).

31. Defendants failed to pay Plaintiffs and all others similarly situated one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek, as required by the FLSA, even though Plaintiffs and all others similarly situated regularly worked more than forty hours during workweeks.

32. Defendants failed to pay Plaintiffs and all others similarly situated a written statement, by a paystub or online accounting, that shows the number of hours worked during the pay period and the rate of pay as required by Virginia Code § 40.1-29.

33. Defendants' knowingly failed to make payment of wages in accordance with Virginia Code § 40.1-29.  Accordingly, Defendants are liable for an amount equal to triple the amount of wages due, reasonable attorneys' fees and costs, plus interest at an annual rate of eight percent accruing from the date the wages were due.

34. Defendant's conduct was willful, repeated, knowing, and intentional.

35. This action can, and should, be maintained as a collective action for all claims to unpaid overtime compensation and unpaid wages due that can be redressed under the FLSA and Virginia Code § 40.1-29.

36. Plaintiffs seek certification of their claims as a collective action on behalf of all past and present non-exempt employees of Defendants working on the Virginia Projects who, while working for Defendants were not paid one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek; were not timely paid their lawfully owed wages; or who were not provided paystubs reflecting their hours worked and hourly rates of pay at any time from the earliest date permitted by law until the date of judgment.

37. Members of the proposed collective action are similarly situated.

38. Members of the proposed collective action have been subjected to the same or substantially the same pay policies and practices. The identities of the members of the proposed collective action are known to Defendants and can be located through Defendants' records.

39. Plaintiffs hereby consent to be party plaintiffs in this action under 29 U.S.C. § 216(b). If this case does not proceed as a collective action, Plaintiffs intend to seek relief individually.

## CLASS ACTION ALLEGATIONS

40. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring class-action claims for misclassification under Va. Code Ann. § 40.1-28.7:7.

41. Plaintiffs bring these class-action claims on behalf of themselves and all other individuals who: 1) were misclassified as independent contractors; and 2) were employed by Defendants at a Virginia Project and 3) performed construction work for Defendants during such

employment; at any time from the earliest date actionable under the limitations period applicable to given claim until the date of judgment. ("Proposed Rule 23 Class").

42. Members of the Proposed Rule 23 Class are readily ascertainable. The identity of class members may be determined from Defendants' records.

43. The Proposed Rule 23 Class meets all the requirements of Rule 23(a) and (b)(3):

    a. Numerosity: Upon information and belief, there are scores of persons who worked for Defendants in Virginia and have been subjected to the challenged practices. Therefore, joinder of all class members would be impracticable.

    b. Commonality: Plaintiffs and all members of the Proposed Rule 23 Class have been compensated pursuant to the unlawful practices alleged herein and, therefore, one or more questions of law or fact are common to the Proposed Rule 23 Class. These common questions include, but are not limited to, the following:

        i. Whether Defendants are employers and/or joint employers of Plaintiffs and members of the Proposed Rule 23 Class;

        ii. Whether Defendant and its subcontractors misclassified Plaintiffs and members of the proposed Rule 23 Class as independent contractors;

        iii. Whether Defendants' misclassification resulted in Defendants' failure or refusal to pay Plaintiffs and members of the Proposed Rule 23 Class wages at overtime premium rates for all time worked in excess of 40 hours per week and failed to provide other benefits guaranteed employees.

    c. Typicality: Plaintiffs and members of the Proposed Rule 23 Class were subjected to the same unlawful policies, practices, and procedures and sustained similar losses, injuries, and

damages. All class members were subjected to the same compensation practices by Defendant and its subcontractors, as alleged herein, and were denied lawfully owed payments and misclassified as independent contractors. Plaintiffs' claims are therefore typical of the claims that could be brought by any member of the Proposed Rule 23 Class, and the relief sought is typical of the relief that could be sought by each member of the Proposed Rule 23 Class in separate actions.

d. Adequacy of Representation: Plaintiffs are able to fairly and adequately protect the interests of all members of the Proposed Rule 23 Class, as they are challenging the same practices as the Proposed Rule 23 Class as a whole, and there are no known conflicts of interest between Plaintiffs and the members of the Proposed Rule 23 Class. Plaintiffs have retained counsel who have extensive experience with the prosecution of wage-and-hour claims and complex class-action litigation.

e. Predominance and Superiority: The common questions identified above predominate over any individual issues. A class action is superior to individual adjudications of this controversy. Pursuit of this action as a class would provide an efficient mechanism for adjudicating the claims of Plaintiffs and the members of the Proposed Rule 23 Class.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (FLSA) – OVERTIME

44. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

45. The FLSA requires employers to pay non-exempt employees an overtime premium of one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

46. Defendants violated the FLSA by knowingly failing to pay Plaintiffs and other similarly situated individuals one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

47. Plaintiffs were "employees" and Defendants were their "employer" under 29 U.S.C. § 203.

48. Defendants' violations of the FLSA were repeated, knowing, willful, and intentional.

49. WHEREFORE, Defendants are liable to Plaintiffs, and all other similar situated individuals, under the FLSA, 29 U.S.C. § 216(b), for all unpaid wages and unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## COUNT II

**VIOLATION OF VIRGINIA WAGE PAYMENT LAW -- Virginia Code § 40.1-29**

50. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

51. Virginia Code § 40.1-29 provides that "[n]o employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee."

52. Virginia Code § 40.1-29 also provides that an employee shall be timely "paid all wages or salaries due him for work performed . . . ."

53. Virginia Code § 40.1-29 also requires that an "employer . . . shall provide to each employee a written statement, by a paystub or online accounting, that shows . . . the number of hours worked during the pay period if the employee is paid on the basis of . . . the number of

hours worked [and] the rate of pay . . . . The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated."

54. Virginia Code § 40.1-29 also provides that "if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b), against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest . . . and reasonable attorney fees and costs."

55. Virginia Code § 40.1-29 also provides that "[i]f the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs."

56. Defendants violated Virginia law by knowingly failing to pay Plaintiffs and other similarly situated individuals their wages due for hours worked over forty in a week and knowingly failing to provide Plaintiffs and other similarly situated individuals paystubs showing hours worked and rate of pay.

57. Plaintiffs were "employees" and Defendants were their "employers."

58. Defendants' violations of Virginia law were repeated, knowing, willful, and intentional.

## COUNT III

## MISCLASSIFICATION -- Va. Code § 40.1-28.7:7

59. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

60. Va. Code § 40.1-28.7:7 provides that "[a]n individual who has not been properly classified as an employee may bring a civil action for damages against his employer for failing to properly classify the employee if the employer had knowledge of the individual's misclassification."

61. Va. Code § 40.1-28.7:7 further provides that "[i]f the court finds that the employer has not properly classified the individual as an employee, the court may award the individual damages in the amount of any wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, or other compensation lost to the individual, a reasonable attorney fee, and the costs incurred by the individual in bringing the action."

62. Defendants knowingly improperly classified Plaintiffs and similarly situated individuals as independent contractors rather than employees, resulting in a denial to Plaintiffs and similarly situated individuals of overtime premiums and other employment benefits guaranteed to employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court certify an FLSA and Virginia Wage Payment Law (Virginia Code § 40.1-29) collective action and a Virginia Misclassification Law (Va. Code § 40.1-28.7:7) class action, and enter judgment against Defendant on all counts and grant Plaintiffs and all similarly situated individuals the following relief:

a. Award Plaintiffs and all similarly situated individuals unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

b. Award Plaintiffs and all similarly situated individuals unpaid wages, plus an amount equal to two times the amount of unpaid wages earned as liquidated damages, pursuant to Virginia Code § 40.1-29;

c. Unpaid wages, employment benefits, and other compensation owed to Plaintiffs and similarly situated individuals resulting from Plaintiffs' misclassification as independent contractors, pursuant to Va. Code § 40.1-28.7:7.

d. Such equitable relief as may be appropriate including enjoining Defendant from further violations of these laws;

e. Reasonable attorneys' fees and expenses incurred in the prosecution of this action;

f. Costs that Plaintiffs incur in the prosecution of this action;

g. Prejudgment and post-judgment interest as permitted by law; and

h. Award any additional relief the Court deems just.

Respectfully submitted,

Dated: October 22, 2020

/s/ Rachel Nadas
Rachel Nadas, VSB # 89440
Matthew K. Handley (*pro hac vice forthcoming*)
HANDLEY FARAH & ANDERSON PLLC
777 6th Street, NW – Eleventh Floor
Washington, DC  20001
Telephone:    202-899-2991
email: rnadas@hfajustice.com

Matthew B. Kaplan, VSB # 51027
THE KAPLAN LAW FIRM
1100 N Glebe Rd, Suite 1010

                                                  Arlington, VA 22201
                                                  (703) 665-9529
                                                  mbkaplan@thekaplanlawfirm.com

*Attorneys for Plaintiffs*